# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

| | | |
|---|---|---|
| DEBBIE FLO, INC. | : | Civil Action |
| 14 Whippoorwill Lane | : | |
| Cape May Courthouse, NJ 08210-2527 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | No. |
| KEVIN SHUMAN | : | |
| 33 Fremont Avenue | : | |
| Woodbine, NJ 08270 | : | |
| Defendant | : | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Debbie Flo, Inc. by and through its attorneys, Reeves McEwing LLP, hereby brings the following Complaint pursuant to 28 U.S.C. §2201, *et. seq.*, seeking a Declaratory Judgment against Defendant, Kevin Shuman, and in support thereof avers as follows:

1. Plaintiff Debbie Flo Inc. is a New Jersey corporation with an office and principal place of business in Cape May Court House, New Jersey.

2. Defendant Kevin Shuman is a citizen of the State of New Jersey, residing in Woodbine, New Jersey.

3. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333.

4. At all times material hereto, Defendant, Kevin Shuman, worked onboard the MISS LAURA LOUISE, a commercial fishing vessel operated by Plaintiff Debbie Flo, Inc.

5. On or about October 7, 2011, Defendant allegedly fell ill while working onboard the vessel, and was later diagnosed with a hernia.

6. Plaintiff turned the claim over to its broker and insurance company, who undertook the payment of maintenance and cure to Defendant on Plaintiff's behalf.

7. After Defendant sought treatment for the hernia, Defendant alleged that he had also hurt his shoulder while onboard the vessel.

8. Although the vessel's captain denied the occurrence of any shoulder injury onboard the vessel, Plaintiff's broker/insurer undertook to pay for all medical bills arising from the alleged shoulder injury, as well as the hernia.

9. In addition, Plaintiff's insurer agreed to pay Defendant $25 per day in maintenance, and an additional $50 per day as an "advance".

10. On or about February 7, 2013, Plaintiff learned that Defendant was preparing to have his third shoulder surgery, and was still receiving $75 per day from Plaintiff's insurer.

11. At the same time, Plaintiff also learned that the insurance policy limits of $250,000.00 would soon be exhausted.

12. Pursuant to general maritime law, a seaman's employer is required to provide medical treatment (cure) for injuries sustained or manifesting onboard until such time as the seaman reaches maximum medical improvement with respect to such injuries.

13. In addition to cure, the employer is also required to provide the seaman with reasonable living expenses (maintenance) until maximum medical improvement is reached with respect to any shipboard injuries or illnesses.

14. The employer is entitled to conduct an investigation into whether the injury (in this case, the shoulder injury) occurred or manifested during the scope of the seaman's employment onboard the vessel.

15. An unreasonable failure by the employer to provide maintenance and cure for shipboard injuries/illnesses can result in the imposition of consequential damages, attorney's fees and possibly punitive damages.

16. Upon information and belief, Plaintiff has reached maximum medical improvement for the hernia.

17. Upon information and belief, the shoulder injury did not manifest or occur onboard the vessel, and thus no further maintenance and cure is owing.

18. Upon information and belief, Defendant's reasonable living expenses are and have been less than $25 per day.

17. In addition, Plaintiff is entitled to a credit for the $50 per day in "advances" which has been paid to Defendant for the past 18 months.

18. Finally, Plaintiff seeks a credit for the amounts paid to Defendant's medical providers for treatment of the shoulder injury, to the extent that this injury did not occur or manifest onboard the vessel or in the course of his employment on the vessel.

19. The parties have legally adverse interests and this controversy is substantial and immediate, and thus a declaratory judgment is appropriate.

3

WHEREFORE, Plaintiff Debbie Flo, Inc. seeks a declaratory judgment from this Court that:

1. Plaintiff is relieved of its obligation to pay for future medical treatment related to Defendant's shoulder, and/or is entitled to a credit for the amounts previously paid to Defendant which exceeded his reasonable living expenses; and

2. Plaintiff is relieved of its obligation to pay any further maintenance or cure to Defendant.

        REEVES McEWING, LLP

        By: /s/Mary Elisa Reeves
        Mary Elisa Reeves
        Brian McEwing, Esquire
        681 Townbank Road
        Cape May, NJ 08204
        (267) 324-3773
        Attorney ID No. MR9805-1985
        Attorney for Plaintiff

DATE: April 18, 2013